In re: S.C. JOHNSON & SON, INC., GREENLIST LABEL MARKETING & SALES PRACTICES LITIGATION

Wayne Koh v. S.C. Johnson & Son, Inc., N.D. California, C.A. No. 5:09–927

Howard Petlack v. S.C. Johnson & Son, Inc., E.D. Wisconsin, C.A. No. 2:08–820.

MDL No. 2064.

United States Judicial Panel on Multidistrict Litigation.

June 8, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Common defendant S.C. Johnson & Son, Inc. (S.C. Johnson) has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Eastern District of Wisconsin. This litigation currently consists of one action pending in that district and a second action pending in the Northern District of California.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. There are only two actions in this docket, and they both involve, in the main, a relatively uncomplicated issue whether S.C. Johnson's placement of a "Greenlist" label on its Windex and/or Shout products misleads consumers by conveying the impression that the products have been subjected to a neutral third-party's testing regimen to determine that they are environmentally friendly. While the two actions undoubtedly share some questions of fact, S.C. Johnson has failed to convince us that those questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings.[1] *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

---

1. Although the presence of common counsel is not dispositive in our centralization analysis, we note that the same attorneys are involved in both actions.